**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

TRAMETRICH DEMOND JOHNSON,

Plaintiff,

v. Case No. 5:26-cv-122-MW-MJF

CENTURION OF FLORIDA LLC,

Defendant.
_________________________________/

# REPORT AND RECOMMENDATION

This § 1983 action is the second civil action Plaintiff has filed in an attempt to establish that Centurion of Florida LLC violated the Eighth Amendment when it was tardy in providing Plaintiff with a C-PAP machine. *See Johnson v. Centurion of Florida LLC*, No. 5:24-cv-272-MCR-MJF (N.D. Fla. 2024). Because the doctrine of claim preclusion bars this civil action, the District Court should dismiss this case.

## BACKGROUND

### A. Plaintiff's Allegations

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, asserts a single, official-capacity, Eighth-Amendment claim. Plaintiff

alleges that Centurion of Florida LLC—the healthcare service provider for inmates who reside in Florida prisons—was deliberately indifferent to Plaintiff's serious medical need. Doc. 12 at 15.

Plaintiff alleges that in April 2022, a sleep study "confirmed [Plaintiff] had obstructive sleep apnea." *Id.* at 5. A physician prescribed a C-PAP machine for Plaintiff. *Id.* Approximately one year later, on April 25, 2023, Centurion provided Plaintiff with a C-PAP machine. *Id.* at 8.

Plaintiff alleges that Defendant's tardiness constitutes deliberate indifference to a serious medical need. Doc. 12 at 15. Plaintiff seeks compensatory damages and punitive damages. *Id.*

### B. Plaintiff's Allegations in *Johnson v. Centurion of Florida, LLC*, No. 5:24-cv-174-MCR-MJF (N.D. Fla.) ("*Johnson I*")

On August 12, 2024, Plaintiff initiated a civil action against Centurion of Florida LLC in the Northern District of Florida. In that action, Plaintiff asserted the exact same claim he asserts in the instant case.

On December 9, 2024, United States District Judge M. Casey Rogers dismissed Plaintiff's civil action for failure to state a claim upon which relief can be granted. *Johnson I*, ECF No. 18.

## STANDARD

Plaintiff is a prisoner proceeding *in forma pauperis*. The District Court, therefore, is required to review Plaintiff's complaint and dismiss any claim that fails to state a claim upon which relief may be granted or if the complaint is malicious. 28 U.S.C. § 1915A(a)–(b). A claim is subject to dismissal for failure to state a claim when an affirmative defense bars recovery. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Myrick v. Fulton Cnty., Ga.*, 69 F.4th 1277, 1297 (11th Cir. 2023). This includes the affirmative defense of claim preclusion. *Shurick v. Boeing Co.*, 623 F.3d 1114, 1116 n.2 (11th Cir. 2010) (citing *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980)); *see Arizona v. California*, 530 U.S. 392, 412 (2000). Additionally, "a plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed" as malicious under 28 U.S.C. § 1915. *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021); *accord McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) ("[R]epetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious.").

## DISCUSSION

The District Court should dismiss this civil action because it is barred by the doctrine of claim preclusion.

Claim preclusion prevents parties from relitigating the same claim or cause of action. *Brownback v. King*, 592 U.S. 209, 215 n.3 (2021); *Comm'r v. Sunnen*, 333 U.S. 591, 597 (1948). Claim preclusion applies when (1) a court of competent jurisdiction has (2) rendered a final judgment on the merits in another case involving (3) the same parties and (4) the same cause of action. *Rodemaker v. City of Valdosta Bd. of Educ.*, 110 F.4th 1318, 1324 (11th Cir. 2024); *Mann v. Palmer*, 713 F.3d 1306, 1311 (11th Cir. 2013); *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).

### 1. Johnson I *Was Decided by a Court of Competent Jurisdiction*

The district court in *Johnson I* was a court of competent jurisdiction to enter final judgment on Plaintiff's claims. In *Johnson I*, the district court possessed subject-matter jurisdiction based on federal-question jurisdiction because Plaintiff was asserting a claim under 42 U.S.C. § 1983.

**2. Johnson I *Resulted in a Final Judgment on the Merits***

In *Johnson I*, the court issued a final judgment on the merits adverse to Plaintiff. *Johnson I*, ECF No. 18. Specifically, Judge Rogers dismissed that civil action for Plaintiff's failure to state a claim upon which relief may be granted. *Id.* Accordingly, Judge Rogers's dismissal constituted a final judgment on the merits. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981).

**3. Johnson I *Involved the Same Parties***

Plaintiff was the plaintiff in *Johnson I*. Centurion of Florida LLC also was the defendant in *Johnson I*. Accordingly, both *Johnson I* and the instant civil action involve the same parties.

**4. Johnson I *Involved the Same Cause of Action***

In *Johnson I*, Plaintiff asserted a single, Eighth-Amendment claim pursuant to 42 U.S.C. § 1983 based on the injuries Plaintiff allegedly suffered in 2022–2023 because of Defendant's delay in providing him with a C-PAP machine. Second Amended Complaint, *Johnson I*, ECF No. 10, at 6–10. In the instant civil action, Plaintiff asserts the exact same Eighth-Amendment claim pursuant to 42 U.S.C. § 1983 based on the injuries Plaintiff allegedly suffered in 2022–2023 because of

Defendant's delay in providing him with a C-PAP machine. Doc. 12 at 12–15.

* * *

Accordingly, each element of claim preclusion has been satisfied. The district court should, therefore, dismiss the precluded civil action. *See Walde v. Keri*, 2026 WL 1533635 (11th Cir. June 1, 2026) (affirming a district court's *sua sponte* dismissal of a case on claim preclusion grounds where the plaintiff was proceeding *in forma pauperis*).

## CONCLUSION

For the reasons set forth above, the undersigned respectfully recommends that the District Court:

1. **DISMISS** this action with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

2. **DIRECT** the clerk of the court to enter judgment, terminate all pending motions, and close this case file.

At Panama City, Florida, this 21st day of June 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**