**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**TREMETRICH DEMOND
JOHNSON,**

   *Plaintiff,*

v.           **Case No.: 5:26cv122-MW/MJF**

**CENTURION OF FLORIDA, LLC,**

   *Defendant.*

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 15, and has also reviewed *de novo* Plaintiff's objections, ECF No. 16, and attachments, ECF Nos. 17 and 17-1. As noted in the report and recommendation, Plaintiff's claim is precluded by the prior dismissal of the same claim in an earlier-filed case in this District. *See* ECF Nos. 18 and 19 in Case No.: 5:24cv174-MCR/MJF (order dismissing case for failure to state a claim and judgment); *see also Griffin v. Focus Brands, Inc.*, 685 F. App'x 758, 760 (11th Cir. 2017) ("[A] dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits.").

Plaintiff's contention that his deliberate indifference claim is based on a different theory of *Monell* liability (unwritten custom or policy) than the theory of *Monell* liability raised in his earlier lawsuit (final policymaker) does not undermine

the Magistrate Judge's recommendation. "[C]laim preclusion 'applies not only to the precise legal theory presented in the prior case, but to all legal theories and claims arising out of the same nucleus of operative fact.' " *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 893 (11th Cir. 2013). This Court is not persuaded that Plaintiff's newly asserted theory of *Monell* liability makes this a different claim from the one he previously litigated.

Moreover, the dismissal of Plaintiff's claim in the case before Judge Rodgers was also based on Plaintiff's failure to allege an Eighth Amendment violation, generally, not just his failure to allege a custom or policy under *Monell*. *See, e.g.*, ECF No. 13 at 7–9 in Case No.: 5:24cv174-MCR/MJF (report and recommendation noting that Plaintiff did not plausibly allege a violation of his Eighth Amendment rights). Accordingly, even if Plaintiff now seeks to assert a different theory of *Monell* liability, his claim remains precluded insofar as another judge in this District has already determined the facts alleged do not give rise to an Eighth Amendment violation.

Accordingly,

**IT IS ORDERED**:

The report and recommendation, ECF No. 15, is **accepted and adopted**, over the Plaintiff's objections, as this Court's opinion. The Clerk shall enter judgment stating, "This action is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1)."

Plaintiff's "motion for relief from judgment," ECF No. 17, is **DENIED**. The Clerk shall close the file.

**SO ORDERED on August 3, 2026.**

<u>s/Mark E. Walker</u>
**United States District Judge**